# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG DIVISION

**TREVA L. ROSS,**

    Plaintiff,

v.                                                     **CIVIL ACTION NO. 3:14-CV-60**
                                                         **(JUDGE GROH)**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    Defendant.

## REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DISMISS THIS CASE WITH PREJUDICE AND STRIKE IT FROM THE DOCKET OF THE COURT

On June 17, 2014, Plaintiff Treva L. Ross ("Plaintiff"), proceeding *pro se*, filed a Complaint in this Court to obtain judicial review of the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner" or "Defendant"), pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). (Complaint, ECF No. 1.)

On August 28, 2014, the Commissioner, by counsel Helen Campbell Altmeyer, Assistant United States Attorney, filed a Motion to Dismiss alleging the Complaint was untimely filed. (Mot. to Dismiss, ECF No. 9; Mem. in Supp., ECF No. 10). The Commissioner also filed a certificate of service certifying that the Motion and Memorandum in Support had been mailed to Plaintiff on that day. (ECF No. 9 and 10.)

On September 18, 2014, a Roseboro Notice [11] and Amended Roseboro Notice [12] were filed by the Court ordering the Plaintiff to file any opposition to the Motion to Dismiss within thirty

(30) days explaining why this case should not be dismissed as untimely filed. (Am. Roseboro Notice, ECF No. 12). The Court further advised Plaintiff in this notice that her failure to respond to the Motion to Dismiss may result in the entry of an order of dismissal against her. (Am. Roseboro Notice, ECF No. 12). As of this date, Plaintiff has failed to respond.

The Social Security Act requires a claimant to commence a civil action within sixty (60) days of the Appeals Council's denial notice. The Social Security Act states in relevant part:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, *may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow*.

42 U.S.C. § 405(g) (emphasis added). According to the Social Security regulations, a claimant may obtain review of an ALJ's decision so long as a civil action is instituted within sixty (60) days after receipt of the Appeals Council's notice of denial of request for review. 20 C.F.R. §§ 422.210(a),(c). The date of receipt of the notice of denial of request for review by the Appeals Council is considered to be five (5) days after the date of such notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). Thus, the civil action must be commenced within sixty-five (65) days of the date of the Appeals Council's denial notice.

In the present case, the Appeals Council denied Plaintiff's request for review on April 4, 2014. The denial notice mailed to Plaintiff informed her of her right to commence a civil action within sixty (60) days from the date of receipt of the notice. The denial letter also informed Plaintiff that she could request an extension from the Appeals Council if she would need more time to commence a civil action. In addition, the denial letter notified Plaintiff that the time frame to commence the civil action included an additional five (5) days for mailing. Accordingly, Plaintiff's

Complaint was due Sunday, June 8, 2014. Pursuant to Federal Rules of Civil Procedure Rule 6(a), the due date shall be extended to Monday if the date falls on a Sunday. Fed. R. Civ. P. 6(a)(1)(C). Therefore, Plaintiff's Complaint was due on Monday, June 9. 2014. However, Plaintiff did not file the Complaint until June 17, 2014, eight (8) days after the deadline.[1]

The Court notes that the Commissioner may toll the sixty (60) day period of limitation specified in 42 U.S.C. § 405(g). See Bowen v. City of New York, 476 U.S. 467, 481 (1986) (stating that "Congress has authorized the Secretary to toll the 60-day limit, thus expressing its clear intention to allow tolling in some cases."). As specified in the Commissioner's regulations, the Commissioner will only extend the sixty day limitation of time to commence a civil action upon a showing of good cause by the complainant. See 20 C.F.R. § 422.210(c). In most cases, it is the Commissioner who should determine whether to extend the sixty-day period; courts should extend the period only in cases, "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" City of New York, 476 U.S. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)).

As of this date, Plaintiff has not filed a response to Defendant's Motion to Dismiss. Consequently, Plaintiff has failed to raise any circumstances that would justify equitable tolling of the sixty (60) day requirement in this case. Further, based on Defendant's failure to respond to the Motion, the Court finds that the allegations contained therein are true and correct. Therefore, the Complaint herein was untimely filed and should be dismissed.

For these reasons, the undersigned Magistrate Judge **RECOMMENDS** that this case be

---

[1] The total number of days following the Appeals Council's denial of the Plaintiff's request for review was seventy-four (74) days.

**DISMISSED WITH PREJUDICE** as untimely filed and be **terminated from the Court's docket.**

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this **5th** day of **November 2014.**

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE